IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY KAY HILL,                )
                              )
        Plaintiff,            )
                              )
    -vs-                      )   Civil Action No. 19-990
                              )
                              )
ANDREW M. SAUL,[1]            )
COMMISSIONER OF SOCIAL SECURITY, )
                              )
        Defendant.            )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 12) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

## I.     BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Raymond Prybylski, held a hearing on February 26, 2018. (ECF No. 8-3). On June 18, 2018, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 24-32).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). The issues are now ripe for review.

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

## II.    LEGAL ANALYSIS

### A.    Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Severe Impairments

Plaintiff's first argument is that the ALJ erred in failing to consider her obesity, back and leg problems as severe impairments at step two of the process.  (ECF No. 13, pp. 7-9).  At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe.  20 C.F.R. §416.1420(a).  Importantly, the mere existence of a diagnosis or an abnormal reading does not equate to a severe impairment. *Phillips v. Barnhart,* 91 Fed. Appx. 775, 780 (3d Cir. March 10, 2004).  The question of severity relies not on the particular condition, but on the limitations stemming from that condition.  *Id.*  To be clear, an impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities and/or does not last or is not expected to last for a continuous period of at least 12 months.  20 C.F.R. §416.920(c), §416.921(a); §416.909, 42 U.S.C. §423(d).  If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.920(a).

Typically, at step two when an ALJ finds at least one impairment to be severe and continues on with the analysis, the failure to find an impairment severe is harmless because the

3

Claimant is not denied benefits at step two. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5  (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).  Rather, the ALJ proceeded beyond step two.  In so doing, an ALJ makes a residual functional capacity (RFC)[2] determination taking into consideration all impairments, including any impairment that is not severe.  Thus, an ALJ will proceed to consider a plaintiff's severe and non-severe impairments in the evaluation process in determining a plaintiff's RFC.

In this case, Plaintiff correctly points out that the ALJ did not consider Plaintiff's obesity, back or leg problems at step two.  (ECF No. 8-2, p. 26).  Plaintiff fails to point out, however, that she never alleged disability due to these problems.  (ECF No. 8-8, p. 6).  Neither Plaintiff nor her counsel raised these issues at the hearing.  (ECF No. 8-3).  In fact, at the hearing Plaintiff informed the ALJ that she was not alleging or seeking a disability claim based on physical functional limitations.  (ECF No. 8-3, p. 8-9).

ATTY:  …We're not here alleging any physical disability.

ALJ:    Okay.

    *        *        *

ALJ:    …There's no physical claim whatsoever?

ATTY: No physical claim.

*Id.*  "When an applicant for social security benefits is represented by counsel the administrative law judge is entitled to assume that the applicant is making his strongest case for benefits." *Yoder v. Colvin,* No. 13-107, 2001 WL 2770045, *3 (W.D. Pa. June 18, 2014), *citing Lofland v. Astrue,* No. 12-624, 2013 WL 3927695, *17 (D. Del. July 24, 2013).   *See,*   20 C.F.R.

---

[2]RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

4

§404.1740(b) (counsel has an affirmative duty to provide all evidence showing how an impairment affects his or her ability to work).

Furthermore, when the ALJ asked Plaintiff to describe in her own words why she cannot work, Plaintiff discussed only mental limitations.  (ECF No. 8-3, pp. 16-19).  Finally, Plaintiff fails to point to any evidence of record indicating that her obesity, leg and back issues manifested in such a way as to create a functional limitation not accounted for by the ALJ.  (ECF No. 13).  In other words, Plaintiff in no way indicated to the ALJ (via her allegations, testimony, or medical evidence) that she was now pursuing disability due to a physical condition, let alone the specific conditions of obesity, leg and back problems.  Consequently, I find no merit to the assertion that the ALJ erred in failing to consider the same.

  **C.**  **Duty to Develop - Consultative Examination**

Plaintiff's next argument is that the ALJ failed to adequately develop the record by ordering a consultative evaluation regarding her physical limitations.  (ECF No. 13, pp. 10-11).  I disagree.  The regulations make clear that it is the plaintiff's burden to prove that he/she is disabled, which means the plaintiff has the duty to provide medical and other evidence showing that he/she has an impairment(s) and how severe it is.  20 C.F.R. §§404.1512(a-c), 416.912(a-c).  This burden does not shift to the ALJ.  Nonetheless, an ALJ has the duty to develop the record sufficiently to make a determination of disability.  *Ventura v. Shalala,* 55 F.3d 900 (3d Cir. 1995); 20 C.F.R. §§404.1512(d), 416.912(d).  Usually, the issue of whether an ALJ had developed the record fully arises in situations involving a *pro se* claimant where the duty is heightened.  *Early v. Heckler,* 743 F.2d 1002 (3d Cir. 1984).  Such is not the case here.

At the hearing in this case, Plaintiff's counsel specifically stated that Plaintiff was not alleging or making any claim, whatsoever, based on physical limitations.  (ECF No. 8-3, pp. 8-9).  Additionally, I note that Plaintiff never requested a consultative examination regarding the same.  Therefore, I find no ambiguity in the record and the ALJ did not have a duty to develop the record further.  Based on the same, I find no error on the part of the ALJ in not ordering a

5

consultative examination.

### D. RFC

Plaintiff next argues that the ALJ erred in determining Plaintiff's RFC, both physically and mentally. (ECF No. 13, pp. 12-13). To that end, Plaintiff first asserts that there is no medical evidence to support the finding that Plaintiff could perform work at all exertional levels. *Id.* at 12. With regard to Plaintiff's physical exertional limitations, the ALJ found that Plaintiff has the RFC to perform a full range of work at all exertional levels. (ECF No. 8-2, p. 28). After a review of the record, I find there is substantial evidence to support this decision. (ECF No. 8-2, pp. 24-32).

Plaintiff also argues that her "mental health impairments limit her to a much greater extent than" that determined by the ALJ. *Id.* In support of her claim, she submits that her testimony supports her position that she is more limited mentally, as well as some of her GAF[3] scores and notations in the record. *Id.* at pp. 12-13. To be clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003).

---

[3]GAF is an acronym which refers to an individual's score on the Global Assessment of Functioning Scale. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). The scale is used to report the "clinician's judgment of the individual's overall level of functioning" in light of his psychological, social, and occupational limitations. *Id.* The GAF ratings range from 1 to 100. GAF scores are arrived at by a clinician based on his/her assessment of a patient's self-reporting. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). GAF scores do not have a direct correlation to the disability requirements and standards of the Act. *See*, 65 Fed. Reg. 50746, at 50764-65 (2000). In fact, as of May 18, 2013, the American Psychiatric Association no longer endorses the GAF scale as a measurement tool. *See*, Diagnostic and Statistical Manual of Mental Disorders (DMS-V) (5th ed. 2013). Nonetheless, GAF scores are still medical evidence that informs a Commissioner's judgment in assessing whether an individual is disabled.

*Weidow v. Colvin*, Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016).  Thus, the question before me is whether substantial evidence supports the ALJ's findings.  *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989).  Therefore, Plaintiff's argument in this regard is misplaced.

### E.     Post Decision Evidence

Finally, Plaintiff argues that the case should be remanded because the Appeals Council erred in denying her request for review.  (ECF No. 13, pp. 13-16).  Specifically, Plaintiff submits the Appeals Council erred in failing to reverse or remand the opinion of the ALJ based on documents she submitted, for the first time, to the Appeals Council.  *Id.*  As I mentioned previously, the instant review of the ALJ's decision is not *de novo*.[4]  If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ.  *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). In *Szubak v. Secretary of Health and Human Services,* the Third Circuit explained the following:

> As amended in 1980, §405(g) now requires that to support a "new evidence" remand, the evidence must first be "new" and not merely cumulative of what is already in the record.  Second, the evidence must be "material;" it must be relevant and probative. Beyond that, the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination. An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. Finally, the claimant must demonstrate good cause for not having incorporated the new

---

[4] An ALJ's findings of fact are conclusive if supported by substantial evidence.  *Mathews v. Eldridge,* 424 U.S. 319, 339, 96 S.Ct. 893, 905 n. 21 (1976); *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001), *citing, Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991) ("[E]vidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence.").  My review of an ALJ's decision is limited to the evidence that was before him/her. *Id.;* 42 U.S.C. §405(g).  Therefore, pursuant to Sentence Four of §405(g), I cannot look at the post-decision evidence (ECF No. 6-8, pp. 51-63) that was not first submitted to the ALJ when reviewing his decision.

7

evidence into the administrative record.

745 F.2d 831, 833 (3d Cir. 1984) (citations omitted).  All three requirements must be satisfied to justify remand.  *Id., citing Szubak,* 745 F.2d at 833.  Plaintiff does not address this standard at all.

In this case, Plaintiff submitted, for the first time to the Appeals Council, *inter alia,* Mental Health Medical Source Statements dated July 24, 2018 and September 18, 2018 allegedly both indicating Plaintiff's limitations as of September 1, 2015.  (ECF No. 13, p. 13).  At no point does Plaintiff argue that the information contained therein is new, material, or that there is good cause as to why she did not submit it prior to the decision.  *See,* ECF No. 13, pp. 13-16.

Evidence is "new" if was "not in existence **or available** to the claimant at the time of the administrative proceeding."  *See, Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990) (emphasis added).  In her brief, Plaintiff acknowledges that the evidence is authored by her treating doctors and is indicative of her condition during the relevant time, as of September 1, 2015.  (ECF No. 13, p. 13).  In so doing, Plaintiff's counsel acknowledges that said information was available at that time, but that she had just not secured the same.  *Id.*  Since the evidence was available, it is not new.  *Sullivan,* 496 U.S. at 626.

Additionally, Plaintiff proffers absolutely no reason why she did not secure and submit the evidence before the ALJ's determination.  (ECF No. 13, pp. 13-16).  There is no indication that counsel was unable to obtain this information prior to the date of the ALJ's opinion.  Thus, I find that Plaintiff has failed to show good cause for not submitting the evidence to the ALJ prior to his decision.[5]  Consequently, remand under Sentence Six is not warranted.

An appropriate order shall follow.

---

[5] I need not reach a conclusion on whether the information is material because Plaintiff has failed to show that the evidence was not new and good cause was not shown. *Matthews,* 239 F.3d at 591-593, *citing Szubak,* 745 F.2d at 833.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY KAY HILL,                                )
                                              )
         Plaintiff,                           )
                                              )
    -vs-                                      )      Civil Action No.  19-990
                                              )
                                              )
ANDREW M. SAUL,[6]                            )
COMMISSIONER OF SOCIAL SECURITY,              )
                                              )
         Defendant.                           )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 19th day of October, 2020, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 12) is denied and Defendant's Motion for Summary Judgment (ECF No. 14) is granted.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge

---

[6] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.